Mr. Norman R. Blake, Director Colorado Division of Mines 1845 Sherman Street Denver, Colorado 80203
Dear Mr. Blake:
Our offices have received your letter requesting an opinion on the propriety of the Division of Mines withholding, from taxing and assessing authorities, certain data on individual mines. This data contains production figures and gross sales information.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Whether the Division of Mines should release mine production figures and gross sales information to taxing and assessing authorities?
 My conclusion is "yes," since its release would not impair the ability of the Division of Mines to obtain such information in the future and since the body seeking the information is a governmental agency which intends to use the information in the performance of a legitimate governmental function.
ANALYSIS
A review of the Bureau of Mines statute reveals:
 (the office of the bureau of mines) . . . shall be deemed a public office, and the records, books, and papers thereof or on file therein shall be deemed public records of the state. C.R.S. 1973, 34-40-108.
As "public records" the release of their information is guided by the Colorado Open Records Law, (hereinafter CORL), C.R.S. 1973,24-72-201 et seq. In general, all public records are open for inspection, C.R.S. 1973, 24-72-203(1), but certain exceptions are provided. C.R.S. 1973, 24-72-204(3)(a) provides:
 The custodian shall deny the right of inspection of the following records, unless otherwise provided by law . . .
 (IV) Trade secrets, privileged information and confidential commercial, financial geological, or geophysical data furnished by or obtained from any person;
CORL, with the above referenced exception, was carefully drafted after a legislative council conducted a study into freedom of information trends across the country. The results of this study were compiled into a report entitled Report to the ColoradoGeneral Assembly: Open Public Records forColorado, November 1967 (hereinafter, L.C.Report). The L.C. Report noted that responses from state and local agencies of Colorado frequently expressed ". . . some thinking that geological and production information on water, oil, etc., could be misused if complete open public access were provided by law." The L.C. Report went on to note that "(a)n exception along these lines was amended into the Federal Freedom of Information (hereinafter, FOIA) law which recently went into effect." L.C. Report, at 36.
The close eye which the Legislative Council had on FOIA would appear to have resulted in the council proposing a bill which correlated in substantial measure to FOIA. Thus, CORL's exception IV is substantively parallel to FOIA's exemptions (4) and (9) which exclude from FOIA's applicability matters which are:
 (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;
 (9) geological and geophysical information and data including maps, concerning wells." 5 U.S.C. § 552(b).
Consistent with this substantive parallel, cases interpreting FOIA's use of the term "confidential" may be applied in interpreting CORL's use of such term. The leading federal case interpreting the use of the term "confidential" by FOIA isNational Parks and Conservation Association v.Morton, 498 F.2d 765 (D.C. Cir., 1974) (hereinafter,National Parks). The court stated:
 commercial or financial matter is "confidential" for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks, at 770. Also see Continental Oil Co. v. F.P.C., 519 F.2d 31 (5th Cir., 1975); Charles River Park "A," Inc. v. H.U.D., 519 F.2d 935 (D.C. Cir., 1975); Sears Roebuck and Co. v. G.S.A., 384 F. Supp. 996 (D.D.C., 1974).
The first prong of the National Parks test does not apply to your specific inquiry — i.e., the distribution of production figures and gross sales information to tax and assessment authorities. This first prong does not apply where the information, as here, is statutorily required to be submitted to the agency and its release would not therefore "impair" the government's ability to obtain it. National Parks, at 770.
However, the information is of a type which, if released to the general public, could be used to harm a mine operator's competitive position. See, e.g., Continental Oil Company v.F.P.C., 519 F.2d 31 (1975). However, since the body seeking the information is a governmental agency which intends to use the information in the performance of a legitimate governmental function, it is appropriate to strike a balance between the interests of your agency in maintaining the confidentiality of the records, and such tax and assessment authority. For example, you could release the desired information to the assessor on the condition that he keep the information confidential. In this way, no "substantial competitive harm" could possibly result to the mine operator and hence the second prong of the NationalParks test would not apply. Such a restricted release would therefore lie outside CORL's mandatory exemption IV.
SUMMARY
Mine production figures and gross sales figures may be released by the Division of Mines to another governmental agency which intends to use the information in the performance of a legitimate governmental function. Such release, however, should be on the condition that said information also be kept confidential by the governmental agency making the request in order to comply with C.R.S. 1973, 24-72-204(3)(a)(IV) of the Colorado Open Records Law.
Very truly yours,
 J.D. MacFARLANE Attorney General
 David W. Robbins First Assistant Attorney General
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
OPEN RECORDS MINES AND MINING TAXATION AND REVENUE
C.R.S. 1973, 24-72-201
C.R.S. 1973, 34-40-108
5 U.S.C. § 552(b)
NATURAL RESOURCES Mines, Div. of
Mine production figures and gross sales figures may be released by the Division of Mines to another governmental agency which intends to use the information in the performance of a legitimate governmental function. Such release, however, should be on the condition that said information also be kept confidential by the governmental agency making the request in order to comply with C.R.S. 1973, 24-72-204(3)(a)(IV) of the Colorado Open Records Law.